UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRIOUS GATES,<br><br>    Appellant,<br><br>v.<br><br>SUPERIOR LOAN SERVICING, et al.,<br><br>    Appellees. | Case No. 3:22-cv-05007-JD<br><br>**ORDER TO SHOW CAUSE** |

On August 25, 2022, plaintiff-appellant Tyrious Gates filed a notice of appeal with respect to an "order on motion for summary judgment" that was entered in his adversary proceeding in bankruptcy court. Dkt. No. 1. On September 13, 2022, the bankruptcy court notified Gates that he had failed to perfect his appeal because he had not filed (i) a designation of items for the record on appeal, (ii) a statement of issues on appeal, or (iii) a transcript request order or certification that no transcripts would be ordered. *Gates v. Superior Loan Servicing*, No. 22-ap-04021 (Bankr. N.D. Cal.), Bankr. Dkt. No. 32.[1] This Court received a "transmission of unperfected appeal" from the bankruptcy court on October 7, 2022. Dkt. No. 3. Since that time, there has been radio silence from the parties to this appeal.

Additionally, the limited record and bankruptcy court docket indicate that the appeal is premature. The order being appealed indicates that defendants' motion for summary judgment was granted for "the reasons stated on the record," and states that the "[m]oving party shall submit a proposed Order." Dkt. No. 1-2 at ECF pp. 3-4. Gates took the next step, filing his notice of

---

[1] "The Court may properly take judicial notice of 'the underlying bankruptcy court records relating to an appeal.'" *Ruby Creek Ranch, LLC v. Cardoni (In re Cardoni)*, No. 3:22-cv-01616-JD, 2023 WL 2374704, at *2 (N.D. Cal. Mar. 6, 2023) (quoting *Chagolla v. J.P. Morgan Chase Bank, N.A. (In re Chagolla)*, 544 B.R. 676, 681 n.5 (B.A.P. 9th Cir. 2016)).

appeal before a separate order was entered. *See* Bankr. Dkt. Nos. 26, 27. "A notice of appeal filed after the bankruptcy court announces a decision or order -- but before entry of the judgment, order, or decree -- is treated as filed on the date of and after the entry." Fed. R. Bankr. P. 8002(a)(2). But the order contemplated by the bankruptcy court has never been entered.

Consequently, Gates is ordered to show cause in writing by April 10, 2023, why this appeal should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Gates should also explain why this appeal should not be dismissed as premature. In lieu of responding to the order to show cause, Gates may also, by the same deadline, dismiss the appeal without prejudice to refiling after the bankruptcy court has actually entered its summary judgment order.

**IT IS SO ORDERED.**

Dated: March 31, 2023

JAMES DONATO
United States District Judge